UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONAS ANTONIO LAMAS PEREZ,<br>Petitioner,<br>v.<br>TONYA ANDREWS, et al.,<br>Respondents. | No. 1:26-cv-07998-DAD-AC<br><br>ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND GRANTING RESPONDENTS' MOTION TO LIFT NO TRANSFER ORDER<br><br>(Doc. Nos. 2, 8) |

On September 28, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Therein, petitioner states that he was detained on September 19, 2026. (*Id.* at 5.) That same day, petitioner filed a motion for temporary restraining order (Doc. No. 2), motion to proceed *in forma pauperis* (Doc. No. 3), and motion to appoint counsel (Doc. No. 4). On October 1, 2026, the court set a briefing schedule on petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 7.) In that same order, the court temporarily enjoined petitioner's transfer or removal outside of this district to preserve its habeas jurisdiction. (*Id.*)

On October 2, 2026, respondents filed a motion to lift this court's order not to transfer petitioner. (Doc. No. 8.) Despite this court's order to do so, respondents did not file an opposition to petitioner's motion for temporary restraining order. Still, in their motion to lift this court's do not transfer order, respondents provide documentation showing that petitioner was ordered removed from the United States *in absentia* on April 2, 2026. (Doc. No. 8 at 4.) In addition, a review of the Executive Officer of Immigration Review's ("EOIR") Automated Case Information system shows that petitioner does not have an appeal pending before the Board of Immigration Appeals ("BIA") and that there are no future hearings scheduled in his case.[1] *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/ (searching by petitioner's A-File Number and nationality).

A removal order entered *in absentia* becomes final after 180 days if the noncitizen fails to file a motion to reopen proceedings before the immigration judge. *Cui v. Garland*, 13 F.4th 991, 996 (9th Cir. 2021) ("[I]f the petitioner does *not* timely file [a motion to reopen] before the IJ the order becomes final at the end of the 180-day period."). Here, petitioner was ordered removed *in absentia* on April 2, 2026, and does not appear to have filed a motion to reopen prior to the 180-day deadline on September 29, 2026. Detention for the first 90 days following entry of a final removal order is mandatory. *Arango Marquez v. I.N.S.*, 346 F.3d 892, 898 (9th Cir. 2003)

/////

---

[1] Rule 201 of the Federal Rules of Evidence permits courts to judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). This includes information posted on official government websites. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010). EOIR adjudicates immigration cases and hosts an official government website where users may access case information, including final removal orders and appeals before the Board of Immigration Appeals ("BIA"), for individuals with open immigration cases through an automated case information system. *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/ (last accessed November 12, 2026). Accordingly, the court will take judicial notice of the fact that, according to the EOIR case information system, petitioner does not have any future court dates in immigration court and does not have an appeal pending before the BIA. *See Gahuin Aisalla v. Noem*, No. 1:26-cv-1744-DJC-CSK, 2026 WL 1113793, at *1 (E.D. Cal. Apr. 24, 2026) (taking judicial notice of an appeal pending before the BIA based on a search of the EOIR's automated case information system), *report and recommendation adopted,* No. 1:26-cv-1744-DJC-CSK, 2026 WL 1215602 (E.D. Cal. May 4, 2026).

("Detention during the [90-day] removal period is mandatory."). Therefore, petitioner is currently subject to mandatory detention.

Accordingly, the court concludes that petitioner has not shown that he is likely to succeed on the merits of his claim that his detention violates due process. Because petitioner has not carried his burden of establishing that he is likely to succeed on the merits of his claims, the court need not consider the other *Winter* factors. *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) ("Likelihood of success on the merits is 'the most important' factor; if a movant fails to meet this 'threshold inquiry,' we need not consider the other factors.") (quoting *Disney*, 869 F.3d at 856).

For the reasons above,

1. Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED;
2. Respondent's motion to dissolve the court's temporary order enjoining petitioner's transfer or removal (Doc. No. 8) is GRANTED;
3. The court DISSOLVES its prior order temporarily enjoining petitioner's transfer or removal (Doc. No. 7); and
4. This action is REFERRED to the assigned magistrate judge for further proceedings with respect to the pending petition.

IT IS SO ORDERED.

Dated: **November 12, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE